**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: PINE MANOR REST HOME,
INCORPORATED,
Debtor.

THE CARROLTON OF FAYETTEVILLE,
INCORPORATED; HIGHLAND HOUSE OF
FAYETTEVILLE, INCORPORATED; RICHARD R.
ALLEN, SR.,
Plaintiffs-Appellants,

v.

PINE MANOR REST HOME, INCORPORATED;
NORTH CAROLINA DEPARTMENT OF HUMAN
RESOURCES, Division of Facility
Services, Certificate of Need Section;
LTC PROPERTIES, INCORPORATED,
Defendants-Appellees,

and

RETIREMENT CARE ASSOCIATES,
INCORPORATED,
Intervenor.

No. 97-1590

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CA-96-923-5-BR, BK-96-01367, AP-96-66A)

Argued: September 29, 1997

Decided: November 24, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and MAGILL,
Senior Circuit Judge of the United States Court of Appeals
for the Eighth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gregory Byrd Crampton, NICHOLLS & CRAMPTON, Raleigh, North Carolina, for Appellants. Joseph R. Prochaska, WILLIAMS & PROCHASKA, P.C., Nashville, Tennessee; William Henry McCullough, PARKER, POE, ADAMS & BERNSTEIN, Raleigh, North Carolina, for Appellees. **ON BRIEF:** S. Todd Hemphill, BODE, CALL & GREEN, L.L.P., Raleigh, North Carolina, for Appellants. Russell B. Killen, PARKER, POE, ADAMS & BERNSTEIN, Raleigh, North Carolina, for Appellee LTC Properties; Staci L. Tolliver, North Carolina Department of Justice, Raleigh, North Carolina, for Appellee Department of Human Resources.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1992, the North Carolina Department of Human Resources (the State), Pine Manor Rest Home, and two competing nursing homes (Plaintiffs) entered into two similar, yet separate, settlement agreements. One agreement was signed by Plaintiffs, Pine Manor, and the State (the public settlement), and the other was signed by only Plaintiffs and Pine Manor (the private settlement). Both settlements provided, among other things, that (1) Pine Manor would receive a Certificate of Need (CON) from the State permitting it to develop 50 nursing home beds; (2) Plaintiffs would receive CONs from the State permitting them to develop a total of 40 nursing home beds; (3) Pine Manor's CON was contingent upon its obtaining a firm financing commitment for the development by December 1, 1993 (later extended to December 15, 1993); and (4) Plaintiffs would succeed to

2

Pine Manor's CON in the event that Pine Manor failed to secure financing to develop 50 nursing home beds. An attachment to the public settlement noted that Pine Manor was to develop the 50 nursing home beds by converting 30 existing beds and by constructing 20 new beds.

On December 9, 1993, Pine Manor secured a financing commitment from Southern National Bank (SNB). SNB agreed to provide Pine Manor with $1.3 million in financing to convert 50 existing beds to nursing home beds. Because Pine Manor's financing did not comply with the requirement that 30 beds be converted and 20 beds be constructed as provided in the attachment to the public settlement agreement, Plaintiffs filed a complaint with the North Carolina Office of Administrative Hearings.

On April 5, 1995, an Administrative Law Judge (ALJ) determined that Pine Manor was required to develop the 50 nursing home beds in the exact manner proscribed by the conditions attached to the public settlement. As a result, the ALJ found that Pine Manor's financing was not in compliance with the public settlement. The ALJ's decision was adopted by the Director of the Division of Facility Services and incorporated into his Final Agency Decision (FAD). The FAD specifically stated, however, that it did not reach the issue of whether Pine Manor was in breach of the private settlement.

While Pine Manor's appeal of the FAD was pending before the Wake County Superior Court, Pine Manor filed for bankruptcy. In bankruptcy court, Plaintiffs sought a declaratory judgment that Pine Manor had breached the terms of the settlement agreements and, therefore, no longer had an interest in the CON issued by the State. Plaintiffs also sought an order compelling the State to award the CON to Plaintiffs pursuant to the terms of the settlement agreements.

After a hearing on the matter, the bankruptcy court noted that, unlike the public settlement, the private settlement "did not specify the precise manner in which Pine Manor's 50 nursing beds had to be developed." (J.A. at 342.) Because of this ambiguity, the bankruptcy court looked at the manner in which Plaintiffs developed their 40 nursing home beds to see what the intent of the parties might have been in making the agreements. As a result of this inquiry, the bank-

3

ruptcy court discovered that Plaintiffs had sought (and received) modifications to the CONs they were awarded under the settlement agreements. Based on this finding, the bankruptcy court concluded that the parties did not intend to specify the precise manner in which the nursing beds had to be developed. Accordingly, the bankruptcy court held that Pine Manor was not in breach of the settlement agreements and that Plaintiffs were not entitled to Pine Manor's CON. Plaintiffs filed a timely notice of appeal to the district court, which affirmed the bankruptcy court's order.

Plaintiffs appeal the district court's order, arguing that the district court erred in finding that Pine Manor had not breached the settlement agreements. We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct. Accordingly, we affirm on the reasoning set forth in the district court's opinion. See The Carrolton of Fayetteville, Inc. v. Pine Manor Rest Home, Inc., C.A. No. 5:96-923 (E.D.N.C. March 31, 1997), aff'g In re: Pine Manor Rest Home, Inc. , 96-01367-8 (Bankr. E.D.N.C. Aug. 9, 1996).

AFFIRMED

4